## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **MATTHEW MAYHEW,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 2:25-cv-02657-HLT-ADM** |
| **HOME CARE PULSE, LLC,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

Plaintiff Matthew Mayhew alleges that Defendant Home Care Pulse, LLC, d/b/a Activated Insights used prerecorded voices in calls made to Plaintiff. He asserts a violation of the Telephone Consumer Protection Act ("TCPA") on behalf of himself and a putative class. Defendant moves to dismiss because Plaintiff failed to plausibly allege use of a prerecorded voice. Doc. 8. The Court denies the motion. Plaintiff has alleged he received 14 substantively identical and generic prerecorded messages from the same number. This plausibly alleges a violation of the TCPA through use of an artificial or prerecorded voice.

## I.    BACKGROUND[1]

Plaintiff is an individual who resides in Kansas. Doc. 1 at ¶ 8. He has a cell phone ending in 7713. *Id.* ¶ 16. On eight occasions between November 12, 2024, and June 4, 2025, Plaintiff received a call from Defendant. *Id.* ¶¶ 17, 26, 38, 41, 47, 50, 53, 56. Each call was from (913) 318-8624. *Id.* ¶¶ 18, 27, 39, 42, 48, 51, 54, 57. Each left a "prerecorded voicemail message." *Id.* ¶¶ 19, 28, 40, 43, 49, 52, 55, 58. The messages all stated:

---

[1]    The following facts are taking from the well-pleaded allegations in the operative complaint and assumed to be true. All reasonable inferences are drawn in Plaintiff's favor.

> Hi. This is Home Care Pulse calling on behalf of your home care agency. They have asked us to conduct a survey with you in order to approve your satisfaction with them. If you would like to participate, we can be reached at 208-502-1999 between the hours of 8am and 7pm, mountain standard time. If you are unable to participate now, we will call you back at a later time. Thank you and have a nice day.

*Id.* Between December 19, 2024, and March 12, 2025, Plaintiff received five phone calls from Defendant from the same number. *Id.* ¶¶ 20-21, 23-24, 29-30, 32-33, 35-36, 44-45. These calls left the same "prerecorded voicemail message," albeit cut off:

> 502-1999 between the hours of 8am and 7pm, mountain standard time. If you are unable to participate now, we will call you back at a later time. Thank you and have a nice day.

*Id.* ¶¶ 22, 25, 34, 37, 46. A sixth call followed this same pattern but the message was cut off at a slightly different place:

> 1999 between the hours of 8am and 7pm, mountain standard time. If you are unable to participate now, we will call you back at a later time. Thank you and have a nice day.

*Id.* ¶ 31. Plaintiff alleges "[u]pon information and belief" that Defendant made calls using an artificial or prerecorded voice in violation of the TCPA. *Id.* ¶ 63.[2] Plaintiff brings this case on behalf of himself and a putative class. *Id.* ¶¶ 66-81.

## II.    STANDARD

A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). A claim is plausible if there is

---

[2]    Plaintiff also alleges in this paragraph that Defendant used automated systems to make calls. Doc. 1 at ¶ 63. Count One in the complaint did not include such a claim. *Id.* ¶¶ 82-83 (alleging only that Defendant used "an artificial or prerecorded voice in connection with calls it placed"). In response to the motion, Plaintiff states he does not assert Defendant used an automated dialing system. Doc. 11 at 1 n.1. The Court therefore does not address the portion of Defendant's motion addressing that point.

sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation and citation omitted). A court must accept as true all well-pleaded allegations in the complaint, but it does not accept legal conclusions or conclusory statements. *Id.* at 678-79.

## III.   ANALYSIS

Defendant moves to dismiss on grounds that Plaintiff has not plausibly alleged the use of a prerecorded voice. Doc. 9 at 6. The TCPA makes it unlawful to make certain calls "using any automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A)(iii); *see also Maree v. Wyndham Vacation Resorts, Inc*, 2019 WL 10250697, at *1 (D. Colo. 2019) (stating that a claim under § 227(b)(1)(A)(iii) requires a showing "(1) that the defendant called the plaintiff, (2) using an automatic telephone dialing system ('ATDS') or prerecorded voice, (3) to any telephone number 'assigned to a . . . cellular telephone service'").[3] "The TCPA does not define the term artificial or prerecorded voice." *Van Baalen v. Mut. of Omaha Ins. Co.*, 729 F. Supp. 3d 1239, 1249 (D.N.M. 2024).

There are no "hyper-technical" pleading requirements for claims under § 227(b)(1)(A)(iii). *Id*. But a plaintiff must allege sufficient facts that support an inference that a message was prerecorded. *Id.* A plaintiff is not required "to plead every detail about every text message or telephone call placed." *Sojka v. DirectBuy, Inc.*, 35 F. Supp. 3d 996, 1004 (N.D. Ill. 2014). A court in the Tenth Circuit has found it sufficient that a plaintiff alleged callers "left a generic,

---

[3]   Defendant only challenges whether Plaintiff has plausibly alleged the use of a prerecorded voice.

standardized prerecorded message" on several occasions to draw the inference that a prerecorded voice was used. *See Van Baalen*, 729 F. Supp. 3d at 1249.

Plaintiff meets that standard. He alleges he received the same prerecorded message (though some were truncated) on 14 different occasions. The calls came from the same number. His allegations go beyond a conclusory allegation of a prerecorded message. Defendant argues that Plaintiff does not allege the voicemails were "identical," only that they were the "same." Doc. 9 at 7. This distinction, to the extent it is one, is not persuasive. Although Plaintiff did not specifically plead the calls were identical, the transcripts of each message show the messages were identical to the extent they were captured. *See Rose v. New TSI Holdings, Inc.*, 2022 WL 912967, at *2 (S.D.N.Y. 2022) ("Courts have denied motions to dismiss in cases brought under the TCPA in which plaintiffs have alleged that they received prerecorded calls and that the contents of the call were identical."). Fourteen substantively identical messages supports an inference that the messages were prerecorded.

The fact that some of the messages were cut off or truncated on several instances does not make Plaintiff's allegations of a prerecorded message any less plausible. The substance of the message captured was still the same. That some messages were cut off actually supports an inference that the calls were prerecorded because a live person would presumably not start a message in the middle of a sentence. *See Fluker v. Ally Fin., Inc.*, 2025 WL 1827747, at *4 (6th Cir. 2025) (noting that evidence like "conspicuous periods of dead air in the middle of the message" could support an allegation of use of an artificial or prerecorded voice).

The messages were also generic in nature and did not reference Plaintiff by name. This also supports an inference that they were prerecorded. *See Taylor v. Kin Ins., Inc.*, 2025 WL 1651524, at *2 (N.D. Ill. 2025) (finding that allegations of prerecorded messages were plausible

4

where voicemails were "identical in tone, voice, content, and style," others received the same call, and the messages were generic and didn't use the plaintiff's name).

In sum, Plaintiff's allegations go beyond a conclusory statement that the calls were prerecorded. He has alleged he received 14 substantively identical and generic messages, some of which were cut off in the middle of a sentence. This supports an inference that the calls were prerecorded. Based on the facts alleged, Plaintiff has plausibly alleged a violation of the TCPA based on the use of an artificial or prerecorded voice.

## IV.    CONCLUSION

THE COURT THEREFORE ORDERS that Defendant's Motion to Dismiss (Doc. 8) is DENIED.

IT IS SO ORDERED.

Dated: June 25, 2026                    /s/ *Holly L. Teeter*
                                        HOLLY L. TEETER
                                        UNITED STATES DISTRICT JUDGE