**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MATTHEW MAYHEW**, *on behalf of himself and all others similarly situated,*

*Plaintiff,*

v.

**HOME CARE PULSE, LLC d/b/a ACTIVATED INSIGHTS,**

*Defendant.*

Case No. 2:25-cv-2657-HLT-ADM

**AMENDED ANSWER TO COMPLAINT**

COMES NOW, Defendant Home Care Pulse, LLC d/b/a Activated Insights and for its amended answer to Plaintiff Matthew Mayhew's ("Plaintiff Mayhew") Complaint (the "Complaint") in the above-captioned matter, admits and denies and affirmatively states as follows:

## INTRODUCTION

1. Defendant denies the allegations in paragraph 1 of Plaintiff Mayhew's Complaint.

2. Defendant denies the allegations in paragraph 2 of Plaintiff Mayhew's Complaint.

3. Paragraph 3 of Plaintiff Mayhew's Complaint states a legal conclusion for which no response is required from Defendant.

4. Defendant denies the allegations in paragraph 4 of Plaintiff Mayhew's Complaint.

## JURISDICTION AND VENUE

5. With regard to paragraph 5 of Plaintiff Mayhew's Complaint, Defendant admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. With regard to paragraph 6 of Plaintiff Mayhew's Complaint, Defendant admits that this Court has jurisdiction over Defendant in this action. Defendant denies the remaining allegations in paragraph 6 of Plaintiff Mayhew's Complaint.

7. With regard to paragraph 7 of Plaintiff Mayhew's Complaint, Defendant admits that venue is proper in this Court. Defendant denies the remaining allegations in paragraph 7 of Plaintiff Mayhew's Complaint.

## PARTIES

8. Upon information and belief, Defendant admits the allegations in paragraph 8 of Plaintiff Mayhew's Complaint.

9. Defendant admits the allegations in paragraph 9 of Plaintiff Mayhew's Complaint.

10. With regard to paragraph 10 of Plaintiff Mayhew's Complaint, Defendant admits that it has, at all times material hereto, been a limited liability company organized under the laws of the state of Idaho. Defendant denies the remaining allegations in paragraph 10 of Plaintiff Mayhew's Complaint.

11. Defendant admits the allegations in paragraph 11 of Plaintiff Mayhew's Complaint.

12. Defendant admits the allegations in paragraph 12 of Plaintiff Mayhew's Complaint.

13. Paragraph 13 of Plaintiff Mayhew's Complaint states a legal conclusion for which no response is required from Defendant.

14. With regard to paragraph 14 of Plaintiff Mayhew's Complaint, 47 U.S.C. § 227(b)(1)(A)(ii) is a statutory subsection which speaks for itself and to the extent that the allegations in paragraph 14 of Plaintiff Mayhew's Complaint are inconsistent with the language in that statutory subsection, Defendant denies the allegations in paragraph 14 of Plaintiff Mayhew's Complaint.

15. With regard to paragraph 15 of Plaintiff Mayhew's Complaint, 47 U.S.C. § 227(b)(3) is a statutory subsection which speaks for itself and to the extent that the allegations in paragraph 15 of Plaintiff Mayhew's Complaint are inconsistent with the language in that statutory subsection, Defendant denies the allegations in paragraph 15 of Plaintiff Mayhew's Complaint.

## FACTUAL ALLEGATIONS

16. Upon information, Defendant admits the allegations in paragraph 16 of Plaintiff Mayhew's Complaint.

17. With regard to paragraph 17 of Plaintiff Mayhew's Complaint, Defendant admits that Plaintiff Mayhew received a phone call from Defendant on November 12, 2024. Defendant denies the remaining allegations in paragraph 17 of Plaintiff Mayhew's Complaint, as worded.

18. With regard to paragraph 18 of Plaintiff Mayhew's Complaint, Defendant admits that, on November 12, 2024, Plaintiff Mayhew received a call from telephone number (913) 318-8624. Defendant denies the remaining allegations in paragraph 18 of Plaintiff Mayhew's Complaint, as worded.

19. With regard to paragraph 19 of Plaintiff Mayhew's Complaint, Defendant admits that, on November 12, 2024, Defendant initiated a phone call to Plaintiff Mayhew where a live person on behalf of Defendant left him a prerecorded voicemail after the call went unanswered. The voicemail is an audio recording which speaks for itself and to the extent that the allegations in paragraph 19 of Plaintiff Mayhew's Complaint are inconsistent with the statements made in that recording, Defendant denies the allegations in paragraph 19 of Plaintiff Mayhew's Complaint. Defendant denies the remaining allegations in paragraph 19 of Plaintiff Mayhew's Complaint, as worded.

20. With regard to paragraph 20 of Plaintiff Mayhew's Complaint, Defendant admits that Plaintiff Mayhew received a phone call from Defendant on December 19, 2024. Defendant denies the remaining allegations in paragraph 20 of Plaintiff Mayhew's Complaint.

21. With regard to paragraph 21 of Plaintiff Mayhew's Complaint, Defendant admits that, on December 19, 2024, Plaintiff Mayhew received a call from telephone number (913) 318-

8624. Defendant denies the remaining allegations in paragraph 21 of Plaintiff Mayhew's Complaint, as worded.

22. Defendant denies the allegations in paragraph 22 of Plaintiff Mayhew's Complaint.

23. With regard to paragraph 23 of Plaintiff Mayhew's Complaint, Defendant admits that Plaintiff Mayhew received a phone call from Defendant on December 20, 2024. Defendant denies the remaining allegations in paragraph 23 of Plaintiff Mayhew's Complaint, as worded.

24. With regard to paragraph 24 of Plaintiff Mayhew's Complaint, Defendant admits that, on December 20, 2024, Plaintiff Mayhew received a call from telephone number (913) 318-8624. Defendant denies the remaining allegations in paragraph 24 of Plaintiff Mayhew's Complaint, as worded.

25. Defendant denies the allegations in paragraph 25 of Plaintiff Mayhew's Complaint.

26. With regard to paragraph 26 of Plaintiff Mayhew's Complaint, Defendant admits that Plaintiff Mayhew received a phone call from Defendant on January 8, 2025. Defendant denies the remaining allegations in paragraph 26 of Plaintiff Mayhew's Complaint, as worded.

27. With regard to paragraph 27 of Plaintiff Mayhew's Complaint, Defendant admits that, on January 8, 2025, Plaintiff Mayhew received a call from telephone number (913) 318-8624. Defendant denies the remaining allegations in paragraph 27 of Plaintiff Mayhew's Complaint, as worded.

28. With regard to paragraph 28 of Plaintiff Mayhew's Complaint, Defendant admits that, on January 8, 2025, Defendant initiated a phone call to Plaintiff Mayhew where a live person on behalf of Defendant left him a prerecorded voicemail after the call went unanswered. The voicemail is an audio recording which speaks for itself and to the extent that the allegations in paragraph 28 of Plaintiff Mayhew's Complaint are inconsistent with the statements made in that

recording, Defendant denies the allegations in paragraph 28 of Plaintiff Mayhew's Complaint. Defendant denies the remaining allegations in paragraph 28 of Plaintiff Mayhew's Complaint, as worded.

29. With regard to paragraph 29 of Plaintiff Mayhew's Complaint, Defendant admits that Plaintiff Mayhew received a phone call from Defendant on January 24, 2025. Defendant denies the remaining allegations in paragraph 29 of Plaintiff Mayhew's Complaint, as worded.

30. With regard to paragraph 30 of Plaintiff Mayhew's Complaint, Defendant admits that, on January 24, 2025, Plaintiff Mayhew received a call from telephone number (913) 318-8624. Defendant denies the remaining allegations in paragraph 30 of Plaintiff Mayhew's Complaint, as worded.

31. Defendant denies the allegations in paragraph 31 of Plaintiff Mayhew's Complaint.

32. With regard to paragraph 32 of Plaintiff Mayhew's Complaint, Defendant admits that Plaintiff Mayhew received a phone call from Defendant on February 5, 2025. Defendant denies the remaining allegations in paragraph 32 of Plaintiff Mayhew's Complaint, as worded.

33. With regard to paragraph 33 of Plaintiff Mayhew's Complaint, Defendant admits that, on February 5, 2025, Plaintiff Mayhew received a call from telephone number (913) 318-8624. Defendant denies the remaining allegations in paragraph 33 of Plaintiff Mayhew's Complaint, as worded.

34. Defendant denies the allegations in paragraph 34 of Plaintiff Mayhew's Complaint.

35. With regard to paragraph 35 of Plaintiff Mayhew's Complaint, Defendant admits that Plaintiff Mayhew received a phone call from Defendant on February 10, 2025. Defendant denies the remaining allegations in paragraph 35 of Plaintiff Mayhew's Complaint, as worded.

36. With regard to paragraph 36 of Plaintiff Mayhew's Complaint, Defendant admits that, on February 10, 2025, Plaintiff Mayhew received a call from telephone number (913) 318-8624. Defendant denies the remaining allegations in paragraph 36 of Plaintiff Mayhew's Complaint, as worded.

37. Defendant denies the allegations in paragraph 37 of Plaintiff Mayhew's Complaint.

38. With regard to paragraph 38 of Plaintiff Mayhew's Complaint, Defendant admits that Plaintiff Mayhew received a phone call from Defendant on February 11, 2025. Defendant denies the remaining allegations in paragraph 38 of Plaintiff Mayhew's Complaint, as worded.

39. With regard to paragraph 39 of Plaintiff Mayhew's Complaint, Defendant admits that, on February 11, 2025, Plaintiff Mayhew received a call from telephone number (913) 318-8624. Defendant denies the remaining allegations in paragraph 39 of Plaintiff Mayhew's Complaint, as worded.

40. With regard to paragraph 40 of Plaintiff Mayhew's Complaint, Defendant admits that, on February 11, 2025, Defendant initiated a phone call to Plaintiff Mayhew where a live person on behalf of Defendant left him a prerecorded voicemail after the call went unanswered. The voicemail is an audio recording which speaks for itself and to the extent that the allegations in paragraph 40 of Plaintiff Mayhew's Complaint are inconsistent with the statements made in that recording, Defendant denies the allegations in paragraph 40 of Plaintiff Mayhew's Complaint. Defendant denies the remaining allegations in paragraph 40 of Plaintiff Mayhew's Complaint, as worded.

41. With regard to paragraph 41 of Plaintiff Mayhew's Complaint, Defendant admits that Plaintiff Mayhew received a phone call from Defendant on March 5, 2025. Defendant denies the remaining allegations in paragraph 41 of Plaintiff Mayhew's Complaint, as worded.

42. With regard to paragraph 42 of Plaintiff Mayhew's Complaint, Defendant admits that, on March 5, 2025, Plaintiff Mayhew received a call from telephone number (913) 318-8624. Defendant denies the remaining allegations in paragraph 42 of Plaintiff Mayhew's Complaint, as worded.

43. With regard to paragraph 43 of Plaintiff Mayhew's Complaint, Defendant admits that, on March 5, 2025, Defendant initiated a phone call to Plaintiff Mayhew where a live person on behalf of Defendant left him a prerecorded voicemail after the call went unanswered. The voicemail is an audio recording which speaks for itself and to the extent that the allegations in paragraph 43 of Plaintiff Mayhew's Complaint are inconsistent with the statements made in that recording, Defendant denies the allegations in paragraph 43 of Plaintiff Mayhew's Complaint. Defendant denies the remaining allegations in paragraph 43 of Plaintiff Mayhew's Complaint, as worded.

44. With regard to paragraph 44 of Plaintiff Mayhew's Complaint, Defendant admits that Plaintiff Mayhew received a phone call from Defendant on March 12, 2025. Defendant denies the remaining allegations in paragraph 44 of Plaintiff Mayhew's Complaint, as worded.

45. With regard to paragraph 45 of Plaintiff Mayhew's Complaint, Defendant admits that, on March 12, 2025, Plaintiff Mayhew received a call from telephone number (913) 318-8624. Defendant denies the remaining allegations in paragraph 45 of Plaintiff Mayhew's Complaint, as worded.

46. Defendant denies the allegations in paragraph 46 of Plaintiff Mayhew's Complaint.

47. With regard to paragraph 47 of Plaintiff Mayhew's Complaint, Defendant admits that Plaintiff Mayhew received a phone call from Defendant on April 3, 2025. Defendant denies the remaining allegations in paragraph 47 of Plaintiff Mayhew's Complaint, as worded.

48. With regard to paragraph 48 of Plaintiff Mayhew's Complaint, Defendant admits that, on April 3, 2025, Plaintiff Mayhew received a call from telephone number (913) 318-8624. Defendant denies the remaining allegations in paragraph 48 of Plaintiff Mayhew's Complaint, as worded.

49. With regard to paragraph 49 of Plaintiff Mayhew's Complaint, Defendant admits that, on April 3, 2025, Defendant initiated a phone call to Plaintiff Mayhew where a live person on behalf of Defendant left him a prerecorded voicemail after the call went unanswered. The voicemail is an audio recording which speaks for itself and to the extent that the allegations in paragraph 49 of Plaintiff Mayhew's Complaint are inconsistent with the statements made in that recording, Defendant denies the allegations in paragraph 49 of Plaintiff Mayhew's Complaint. Defendant denies the remaining allegations in paragraph 49 of Plaintiff Mayhew's Complaint, as worded.

50. With regard to paragraph 50 of Plaintiff Mayhew's Complaint, Defendant admits that Plaintiff Mayhew received a phone call from Defendant on May 6, 2025. Defendant denies the remaining allegations in paragraph 50 of Plaintiff Mayhew's Complaint, as worded.

51. With regard to paragraph 51 of Plaintiff Mayhew's Complaint, Defendant admits that, on May 6, 2025, Plaintiff Mayhew received a call from telephone number (913) 318-8624. Defendant denies the remaining allegations in paragraph 51 of Plaintiff Mayhew's Complaint, as worded.

52. With regard to paragraph 52 of Plaintiff Mayhew's Complaint, Defendant admits that, on May 6, 2025, Defendant initiated a phone call to Plaintiff Mayhew where a live person on behalf of Defendant left him a prerecorded voicemail after the call went unanswered. The voicemail is an audio recording which speaks for itself and to the extent that the allegations in

paragraph 52 of Plaintiff Mayhew's Complaint are inconsistent with the statements made in that recording, Defendant denies the allegations in paragraph 52 of Plaintiff Mayhew's Complaint. Defendant denies the remaining allegations in paragraph 52 of Plaintiff Mayhew's Complaint, as worded.

53. With regard to paragraph 53 of Plaintiff Mayhew's Complaint, Defendant admits that Plaintiff Mayhew received a phone call from Defendant on May 12, 2025. Defendant denies the remaining allegations in paragraph 53 of Plaintiff Mayhew's Complaint, as worded.

54. With regard to paragraph 54 of Plaintiff Mayhew's Complaint, Defendant admits that, on May 12, 2025, Plaintiff Mayhew received a call from telephone number (913) 318-8624. Defendant denies the remaining allegations in paragraph 54 of Plaintiff Mayhew's Complaint, as worded.

55. With regard to paragraph 55 of Plaintiff Mayhew's Complaint, Defendant admits that, on May 12, 2025, Defendant initiated a phone call to Plaintiff Mayhew where a live person on behalf of Defendant left him a prerecorded voicemail after the call went unanswered. The voicemail is an audio recording which speaks for itself and to the extent that the allegations in paragraph 55 of Plaintiff Mayhew's Complaint are inconsistent with the statements made in that recording, Defendant denies the allegations in paragraph 55 of Plaintiff Mayhew's Complaint. Defendant denies the remaining allegations in paragraph 55 of Plaintiff Mayhew's Complaint, as worded.

56. With regard to paragraph 56 of Plaintiff Mayhew's Complaint, Defendant admits that Plaintiff Mayhew received a phone call from Defendant on June 4, 2025. Defendant denies the remaining allegations in paragraph 56 of Plaintiff Mayhew's Complaint, as worded.

57. With regard to paragraph 57 of Plaintiff Mayhew's Complaint, Defendant admits that, on June 4, 2025, Plaintiff Mayhew received a call from telephone number (913) 318-8624. Defendant denies the remaining allegations in paragraph 57 of Plaintiff Mayhew's Complaint, as worded.

58. With regard to paragraph 58 of Plaintiff Mayhew's Complaint, Defendant admits that, on June 4, 2025, Defendant initiated a phone call to Plaintiff Mayhew where a live person on behalf of Defendant left him a prerecorded voicemail after the call went unanswered. The voicemail is an audio recording which speaks for itself and to the extent that the allegations in paragraph 58 of Plaintiff Mayhew's Complaint are inconsistent with the statements made in that recording, Defendant denies the allegations in paragraph 58 of Plaintiff Mayhew's Complaint. Defendant denies the remaining allegations in paragraph 58 of Plaintiff Mayhew's Complaint, as worded.

59. Defendant denies the allegations in paragraph 59 of Plaintiff Mayhew's Complaint.

60. Defendant denies the allegations in paragraph 60 of Plaintiff Mayhew's Complaint.

61. Defendant denies the allegations in paragraph 61 of Plaintiff Mayhew's Complaint.

62. Defendant denies the allegations in paragraph 62 of Plaintiff Mayhew's Complaint.

## DEFENDANT'S ALLEGED LIABILITY

63. Defendant denies the allegations in paragraph 63 of Plaintiff Mayhew's Complaint, as worded.

64. Defendant denies the allegations in paragraph 64 of Plaintiff Mayhew's Complaint.

65. Defendant denies the allegations in paragraph 65 of Plaintiff Mayhew's Complaint.

## CLASS ACTION ALLEGATIONS

66. With regard to paragraph 66 of Plaintiff Mayhew's Complaint, Defendant acknowledges that Plaintiff Mayhew is attempting to bring a class action under Fed. R. Civ. P.

23(b)(3) and has attempted to define a class. However, Defendant denies that Plaintiff Mayhew is entitled to bring a class action and further denies that Plaintiff Mayhew adequately represents the class, because his claims in this action are without merit.

67. With regarding to paragraph 67 of Plaintiff Mayhew's Complaint, Defendant acknowledges that Plaintiff Mayhew has attempted to define a class and exclude certain individuals and claims from that definition. However, Defendant denies that Plaintiff Mayhew is entitled to bring a class action and further denies that Plaintiff Mayhew adequately represents the class, because his claims in this action are without merit.

68. Defendant denies the allegations in paragraph 68 of Plaintiff Mayhew's Complaint.

69. Defendant denies the allegations in paragraph 69 of Plaintiff Mayhew's Complaint.

70. With regard to paragraph 70 of Plaintiff Mayhew's Complaint, Defendant admits that it maintains data showing certain information regarding phone calls that it places. Defendant denies the remaining allegations in paragraph 70 of Plaintiff Mayhew's Complaint.

71. Defendant denies the allegations in paragraph 71 of Plaintiff Mayhew's Complaint.

72. Defendant denies the allegations in paragraph 72 of Plaintiff Mayhew's Complaint.

73. Defendant denies the allegations in paragraph 73 of Plaintiff Mayhew's Complaint.

74. Defendant denies the allegations in paragraph 74 of Plaintiff Mayhew's Complaint.

75. Defendant denies the allegations in paragraph 75 of Plaintiff Mayhew's Complaint.

76. Defendant denies the allegations in paragraph 76 of Plaintiff Mayhew's Complaint.

77. Defendant denies the allegations in paragraph 77 of Plaintiff Mayhew's Complaint.

78. Defendant denies the allegations in paragraph 78 of Plaintiff Mayhew's Complaint.

79. Defendant denies the allegations in paragraph 79 of Plaintiff Mayhew's Complaint.

80. Defendant denies the allegations in paragraph 80 of Plaintiff Mayhew's Complaint.

81. Defendant denies the allegations in paragraph 81 of Plaintiff Mayhew's Complaint.

**FIRST CAUSE OF ACTION**
**Alleged Violations of the TCPA, 47 U.S.C. 227(b)**

82. Defendant denies the allegations in paragraph 82 of Plaintiff Mayhew's Complaint.

83. Defendant denies the allegations in paragraph 83 of Plaintiff Mayhew's Complaint.

84. Defendants denies each and every allegation in Plaintiff Mayhew's Complaint that is not otherwise expressly admitted herein.

**AFFIRMATIVE DEFENSES**

85. The Complaint filed in this action fails to state a claim upon which relief may be granted.

86. Plaintiff Mayhew lacks standing and/or legal capacity to bring this action.

87. Plaintiff Mayhew is not a proper or adequate representative of the purported class.

88. The claims of Plaintiff Mayhew and the purported class in this action are barred, in whole or in part, because the calls at issue were not advertisement, telemarketing, or solicitation calls violative of the Telephone Consumer Protection Act.

89. The calls alleged in this action by Plaintiff Mayhew and the purported class are health care messages and/or were made for health purposes by a HIPAA business associate on behalf of a covered entity; therefore they are exempt from the Telephone Consumer Protection Act and/or the calls only require express consent (as opposed to express written consent) to be given for the calls.

90. The calls alleged in this action by Plaintiff Mayhew and the purported class are informational survey calls; therefore, they are exempt from the Telephone Consumer Protection Act as long as express consent (as opposed to express written consent) was given for the calls.

91. Defendant had sufficient consent (express consent, express written consent, express invitation or permission, or otherwise) for the phone calls alleged by Plaintiff Mayhew and the purported class in this action.

92. Plaintiff Mayhew and/or his mother gave sufficient express consent for the phone calls at issue in this action, which renders him an improper representative of the purported class.

93. Class treatment is inappropriate in this case due to lack of commonality, typicality, adequacy of representation, and/or because a class action is not otherwise a superior method of adjudicating the dispute.

94. Class treatment is improper in this case, because the requirements of Federal Rule of Civil Procedure 23 have not been satisfied.

95. Class treatment is improper in this case because common questions of law or fact do not predominate over individual ones.

96. Class treatment is improper in this case because individualized issues of consent prevent common questions of law or fact from predominating over individual ones.

97. No phone calls were made to Plaintiff Mayhew or the purported class using an "Automatic Telephone Dialing System" with the meaning of the Telephone Consumer Protection Act.

98. The alleged conduct on the part of Defendant in this action was not a knowing or willful violation under the Telephone Consumer Protection Act.

99. The claims of Plaintiff Mayhew and the purported class are barred, in whole or in part, by the de minimis doctrine.

100. The claims alleged by Plaintiff Mayhew and the purported class in this action are barred due to the failure to mitigate damages, if any, that they sustained.

101. The claims alleged by Plaintiff Mayhew and the purported class in this action are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands, because of, among other things, the failure to exercise, or the delay in exercising, reasonably available means to prevent the transmission of further phone calls.

102. The claims alleged by Plaintiff Mayhew and the purported class in this action are barred by the statute of limitations.

103. Defendant reserves the right to assert additional affirmative defenses in this action, as discovery warrants.

WHEREFORE, having fully answered Plaintiff Mayhew's Complaint, Defendant prays for judgment dismissing, with prejudice, all claims asserted in this action, awarding Defendant its costs and attorneys' fees incurred herein as allowed by law, and awarding it such other, further and different relief as the Court deems just and equitable.

Dated this 9th day of July 2026.

HOME CARE PULSE, LLC d/b/a/ ACTIVATED INSIGHTS Defendant,

*/s/Nicholas E. Bjornson*
Nicholas E. Bjornson, #27996
*- and –*
Adam J. Wachal, #24513 NE
*(Admitted Pro Hac Vice)*
Jori J. Peters, #28508 NE
*(Admitted Pro Hac Vice)*
KOLEY JESSEN, P.C., L.L.O.
1125 South 103rd Street, Suite 800
Omaha, NE 68124
Telephone: (402) 390-9500
Facsimile: (402) 390 9005
Nicholas.Bjornson@koleyjessen.com
Adam.Wachal@koleyjessen.com
Jori.Peters@koleyjessen.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 9th day of July 2026, the above and foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all registered participants.

*/s/Nicholas E. Bjornson*
Nicholas E. Bjornson